NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AREVALO TORTILLERIA, INC., | No.    15-56830 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-05497-PA-JC |
| v. | |
| APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before:  BEA and HURWITZ, Circuit Judges, and MOTZ,** Senior District Judge.

Plaintiff Arevalo Tortilleria, Inc. ("Arevalo") appeals the district court's

decision granting Defendant Applied Underwriters Captive Risk Assurance

Company, Inc.'s ("AUCRA") motions to dismiss and compel arbitration.  We have

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

jurisdiction over this appeal pursuant to 9 U.S.C. § 16(a)(3), and vacate the judgment and remand to the district court for a trial on whether Arevalo executed the arbitration agreements.[1]

1. Section 4 of the Federal Arbitration Act ("FAA") states that "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to a trial thereof." 9 U.S.C. § 4. AUCRA provided the district court with copies of two contracts—a Reinsurance Participation Agreement ("RPA") and a Request to Bind—that were purportedly signed by Arevalo's CEO and contained arbitration clauses. But, Arevalo submitted a declaration by the alleged signatory's son and successor, stating that he is very familiar with his father's signature and did not recognize the signatures or believe they were written by his father. Arevalo therefore raised a genuine issue of fact with respect to the execution of the agreements, and is entitled to a trial under the FAA.[2]

2. The district court did not err in holding that AUCRA has the right to enforce the RPA. Although AUCRA was a British Virgin Islands corporation when it executed the RPA, the Iowa corporation into which it merged assumed its predecessor's rights and obligations. *See* Iowa Code Ann. § 491.110. The fact

---

[1] The parties' various motions to take judicial notice of documents in other proceedings (Dkt. 10, 14, 15) are granted.

[2] We decline to address in the first instance what procedures are required for such a trial.

2

that in 2012, a subsidiary of AUCRA sent Arevalo a demand letter and a draft state-court complaint naming Applied Risk Services as "assignee of certain accounts receivables" from AUCRA, does not raise a genuine issue of fact as to whether AUCRA assigned away its right to enforce the arbitration agreement in the RPA.

3.     The district court did not err in holding that the arbitration agreements were not inconsistent.  Although the RPA and the Request to Bind provide for arbitration in different locations, the parties indisputably intended that disputes related to the RPA be submitted to arbitration, and the arbitrators can reconcile any dispute about venue.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**

3